# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JESSICA REISINGER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ALPHA RECOVERY CORP. and BUREAUS INVESTMENT GROUP PORTFOLIO NUMBER 15, LLC, <br><br> Defendants. | Case No.: 17-cv-370 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Jessica Reisinger is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Alpha Recovery Corp. ("Alpha") is a debt collection agency with its principal offices located at 5660 Greenwood Plaza Blvd, Greenwood Village, CO 80111.

6. Alpha is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Alpha is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Alpha is a debt collector as defined in 15 U.S.C. § 1692a.

8. Bureaus Investment Group Portfolio Number 15, LLC ("BIG 15") is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time BIG 15 acquires them.

9. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

10. BIG 15 uses third party debt collectors, including Alpha, to collect allegedly defaulted debts that have been assigned.

11. A company meeting the definition of a "debt collector" under the FDCPA (here, BIG 15) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

# FACTS

12.  Prior to December 20, 2016, Plaintiff's account with Capital One N.A. ("Capital One") went into default.

13.  Prior to December 20, 2016, and after Plaintiff's account with Capital One was in default, Capital One sold or otherwise assigned the ownership rights to Plaintiff's account to BIG 15.

14.  On or about December 20, 2016, Alpha mailed a debt collection letter to Plaintiff regarding an alleged debt owed, originally owed to Capital One and currently owed to BIG 15. A copy of this letter is attached to this Complaint as Exhibit A.

15.  The alleged debt referenced in Exhibit A was a credit card debt used to purchase personal, family or household goods.

16.  The credit card debt in Exhibit A was not opened for a business purpose or used for a business purpose.

17.  Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18.  Upon information and belief, Exhibit A is a form debt collection letter used by Mercantile to attempt to collect alleged debts.

19.  Exhibit A was the first letter Plaintiff was sent by Alpha regarding this alleged debt.

20.  Exhibit A contains the following text:

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

General Notice: Failure to dispute the validity of this debt may not be construed as an admission of liability by the consumer.

Exhibit A.

21. The statement that Alpha is "required under state law" to provide the "General Notice" is false and misleading. Neither the FDCPA nor state law require a debt collector to provide that specific language to consumers.

22. The "General Notice" language is similar to language in another part of the FDCPA, 15 U.S.C. § 1692g(c), but it has been modified to remove the qualifier that failure to dispute a debt within 30 days cannot be treated as an admission of liability *in a lawsuit*.

23. 15 U.S.C. § 1692g(c) states:

**(c)ADMISSION OF LIABILITY**
The failure of a consumer to dispute the validity of a debt under this section may not be construed *by any court* as an admission of liability by the consumer.

(emphasis added).

24. The use of the "General Notice" text in Alpha's letter overshadows part of the FDCPA debt validation notice, 15 U.S.C. §§ 1692g(a)(3), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(emphasis added).

25. The Seventh Circuit has said: "When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form. Otherwise, as we have said, 'the collection agency could write the letter in Hittite and have a secure defense.'" *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d

317, 321 (7th Cir. 2016); *citing Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004).

26. Thus, the validation notice must clearly and unambiguously inform the unsophisticated consumer that, unless the consumer disputes the debt within the 30 day validation period, the debt collector *is* permitted to assume the debt is valid. 15 U.S.C. § 1692g(a)(3).

27. The "General Notice" language tells the consumer the exact opposite: "Failure to dispute the validity of this debt *may not* be construed as an admission of liability by the consumer." (emphasis added). The statement, including the removal of the crucial limitation - "by any court" - is false and misleading.

28. In fact, the debt collector *can* assume a debt to be valid of the consumer does not dispute it, and there are real-world consequences for the consumer. After the validation period expires without a dispute, the debt collector can, for example, report the debt to Consumer Reporting Agencies ("CRAs," more commonly known as "credit bureaus") without noting a dispute. Some CRAs do not factor disputed debts into the consumer's credit score.

29. The practical effect of the usage and placement of the "General Notice" is to discourage consumers from disputing debts, because the language leads them to falsely believe that disputing a debt is of little significance.

30. Alpha did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

31. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the

5

protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

32. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos*, 825 F.3d at 324 ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

33. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendants' omission is a material violation of the FDCPA. A debt collector is permitted to assume the debt is valid if the consumer does not dispute within the 30 day validation period. Furthermore, a consumer who does not dispute the debt also does not effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

34. Alpha's statement conflicts with the validation notice. 16 U.S.C. § 1692g.

35. Plaintiff was confused by Exhibit A.

36. The unsophisticated consumer would be confused by Exhibit A.

37. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

38. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

39. Plaintiff was confused by Exhibit A.

40. The unsophisticated consumer would be confused by Exhibit A.

41. Plaintiff had to spend time and money investigating Exhibit A.

42. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

43. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*,

No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

44. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

45. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

46. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

47. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49. <u>Exhibit A</u> fails to inform the consumer that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. 15 U.S.C. § 1692g(a)(3).

50. Defendant violated 15 U.S.C. §§ 1692g, 1692g(a), 1692g(b), 1692e and 1692e(10).

## CLASS ALLEGATIONS

51. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between March 10, 2016 and March 10, 2017, inclusive, (e) that was not returned by the postal service.

52. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

53. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

54. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

55. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

56. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

57.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  March 10, 2017

**ADEMI & O'REILLY, LLP**

By:     /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com